## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN LALLY,<br><br>        Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>        Defendant. | Case No. 1:20-CV-02359-LAP-SLC |

### PLAINTIFF'S MOTION TO STAY

COMES NOW, Plaintiff Stephen Lally, and for his motion to stay, states as follows:

1.  Plaintiff respectfully moves this Court to stay all discovery and other proceedings pending the resolution of the motion to transfer under 28 U.S.C. § 1407 by the Judicial Panel on Multidistrict Litigation ("JPML").  The motion under section 1407, which has been called for hearing July 29, 2021, if granted, will result in the transfer and coordination of 19 similar federal Tasigna products liability cases currently pending in 12 federal districts.

2.  Plaintiff believes there is a high probability that the motion to transfer will be granted, especially given that over 160 similar Tasigna products liability cases pending in New Jersey state court were recently transferred and consolidated before a single judge in New Jersey under the state's multi-county litigation ("MCL") rules.  This New Jersey MCL consolidation, together with the requested federal consolidation, creates a unique opportunity for a coordination of the global Tasigna products liability litigation, which will create many efficiencies that will greatly benefit all courts and parties involved, as well as eliminate the potential for conflicting rulings in different courts on the same issues.

3.	The interests of judicial economy strongly favor a stay of these proceedings pending resolution of the motion to transfer. The collective plaintiffs in all pending Tasigna products liability cases are at an impasse with Defendant Novartis Pharmaceuticals Corporation ("Novartis") regarding Novartis's production of what will likely be millions of corporate documents and, absent a stay, would be forced to seek court intervention immediately. If the motion to transfer is granted, one federal judge will rule on these production issues, hopefully in coordination with the New Jersey MCL judge.

4.	Absent a stay, Plaintiff will be forced to file a complicated motion to compel in this case, simultaneous with similar motions to compel filed by other Tasigna plaintiffs in other federal courts. This will require significant judicial resources across multiple courts and will undoubtedly lead to inconsistent rulings. Only a stay can avoid this potential waste of resources and the short delay contemplated—of less than 60 days—will result in no prejudice to Novartis.

5.	Plaintiff's counsel has met and conferred with Novartis's counsel to seek agreement on a stay, but they have indicated that Novartis will oppose any efforts to stay the case.

6.	In further support of this motion, Plaintiff incorporates its supporting Memorandum of Law and the Declaration of Raymond C. Silverman filed simultaneously herewith.

WHEREFORE, Plaintiff requests this Court issue an order staying all proceedings pending the resolution of the motion to transfer under section 1407 and for any other relief the Court deems just and proper.

Dated: June 22, 2021	Respectfully submitted,

/s/ Raymond C. Silverman
Raymond C. Silverman
**Parker Waichman LLP**
6 Harbor Park Drive
Port Washington, New York 11050
Ph: 516-466-6500
rsilverman@yourlawyer.com

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN LALLY,<br><br>    Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>    Defendant. | Case No. 1:20-CV-02359-LAP-SLC |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY

Plaintiff Stephen Lally respectfully moves this Court to stay all discovery and other proceedings pending the resolution of the motion to transfer under 28 U.S.C. § 1407 by the Judicial Panel on Multidistrict Litigation ("JPML"). The motion under section 1407, which has been called for hearing July 29, 2021, if granted, will result in the transfer and coordination of the 19 federal Tasigna products liability cases currently pending in 12 federal districts. Plaintiff believes there is a high probability that the motion to transfer will be granted, especially given that over 160 Tasigna products liability cases pending in New Jersey state court were recently transferred and consolidated before a single judge in New Jersey under the state's multi-county litigation ("MCL") rules. This New Jersey MCL consolidation, together with the requested federal consolidation, creates a unique opportunity for coordination of the global Tasigna products liability litigation, which will create many efficiencies that will greatly benefit all courts and parties involved, as well as eliminate the potential for conflicting rulings in different courts on the same issues.

The interests of judicial economy strongly favor a stay of these proceedings pending resolution of the motion to transfer. The collective plaintiffs in all pending Tasigna products

1

liability cases are at an impasse with Defendant Novartis Pharmaceuticals Corporation ("Novartis") regarding Novartis's production of what will likely be millions of corporate documents and, absent a stay, would be forced to seek court intervention immediately.  If the motion to transfer is granted, however, one federal judge will rule on these production issues, hopefully in coordination with the New Jersey MCL judge.  Absent a stay, Plaintiff will be forced to file a complicated motion to compel in this case, simultaneous with similar motions to compel filed by other Tasigna plaintiffs in other federal courts.[1]  This will require significant judicial resources across multiple courts and will undoubtedly lead to inconsistent rulings.  Only a stay can avoid this potential waste of resources and the short delay contemplated—of less than 60 days—will result in no prejudice to Novartis.

For these reasons, Plaintiff respectfully requests that the Court issue an order staying all proceedings pending resolution of the motion to transfer.

## BACKGROUND

This case is one of a series of nearly 200 pending products liability cases filed against Novartis related to its drug Tasigna—a tyrosine kinase inhibitor approved for the treatment of chronic myelogenous leukemia.  In all of these cases, the plaintiffs allege that Tasigna caused accelerated and severe atherosclerosis (narrowing of the arteries) that has caused them severe vascular injuries, including peripheral vascular disease, coronary artery disease, and cerebral vascular disease.  Silverman Decl., at ¶ 3.  There are currently 19 cases pending in 12 different federal districts and over 160 cases pending in the New Jersey MCL.  *Id.*

---

[1] Upon information and belief, the plaintiffs in all pending federal Tasigna products liability cases intend to file similar motions to stay and, if not granted, will be forced to file substantially similar motions to compel against Novartis in their respective courts.  *See* Declaration of Raymond C. Silverman, at ¶ 7.

On April 14, 2021, a motion to transfer was filed under 28 U.S.C. § 1407 with the JPML, seeking to transfer all 19 federal cases, including this case, to a federal judge within this Court for the purposes of pretrial coordination and consolidation. *Id.* at ¶ 4 and Ex. A. On May 6, 2021, Plaintiff filed an interested party response in support of the motion to transfer actions for coordinated pretrial proceedings. *Id.* at ¶ 4 and Ex. B. Briefing on this motion is complete and a hearing date has been set for July 29, 2021. *Id.* at ¶ 4. Based on prior precedent, Plaintiff anticipates a ruling from the JPML will issue in early August, less than 60 days from today. *Id.*

With respect to the New Jersey state court cases, on January 19, 2021, counsel for plaintiffs applied to the New Jersey Supreme Court for transfer and consolidation of all Tasigna cases. *Id.* at ¶ 5. On May 28, 2021, the New Jersey Supreme Court published its order transferring and consolidating all cases to Bergen County before Superior Court Judge Rachelle Harz. *Id.* at ¶ 5 and Ex. C. The initial case management conference is set for July 8, 2021. *Id.* at ¶ 5.

One of the first orders of business for the New Jersey court will be to resolve a global discovery dispute between all Tasigna plaintiffs and Novartis regarding Novartis's document production—a document production which Novartis has insisted will be made uniformly across all pending Tasigna cases. Counsel for all Tasigna plaintiffs and Novartis have been negotiating Novartis's production for over one year and—despite their best efforts—have been unable to reach agreement on a number of issues, including the identity and number of custodians whose files will be searched, the search terms to be employed for electronic files, and the non-custodial sources from which production should be made. *Id.* at ¶ 6.

Absent a stay, these discovery issues would likewise necessitate the intervention of the federal courts, including this one. The individual federal courts will have to entertain multiple

3

motions to compel, which—should the motion to transfer be granted—will result in an unnecessary waste of judicial resources and, likely, inconsistent rulings.

## ARGUMENT

While a motion to transfer under 28 U.S.C. § 1407 does not, in itself, stay the individual proceedings, "where a multi-district litigation proceeding has been established, courts have routinely stayed motions pending rulings by the JPML." *See Royal Park Invs.SA/NV v. Bank of Am. Corp.*, 94` F. Supp. 2d 367, 370 (S.D.N.Y. 2013). The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936). Courts considering stay applications must "exercise [their] judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55, 57 S. Ct. 163. In deciding whether a stay is appropriate, this court has considered the potential prejudice against the non-moving party, the interests of the moving party, and the interests of the courts. *See Royal Park Invs.* 941 F. Supp. 2d at 370, citing *Wing Shing Products (BVI) Ltd. v. Simatelex Manufactory Co.,* 2005 WL 912184, at *1 (S.D.N.Y. Apr. 19, 2005).

Courts routinely grant stays pending a ruling on a motion under section 1407, where, as here, multiple federal courts face pending or imminent motions necessitating them to rule on similar issues that could be addressed more efficiently by a consolidated ruling. *See e.g., Meyers v. Bayer* AG, 143 F.Supp.2d 1044, 1046–47 (E.D. Wis. 2001) (staying the question of whether there was federal question jurisdiction pending the results of proceedings before the JPML seeking to transfer the case to another district); *Aikins v. Microsoft Corp.,* No. A. 00–0242, 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) (declining to decide a motion to remand because "the purpose of the JPML is to promote judicial economy and to prevent inconsistent rulings [and]

4

[t]his case presents questions of fact similar to the other actions pending before the JPML."); *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1362 (C.D. Cal.1997) (stating that "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved."); *Johnson v. AMR Corp.,* Nos. 95 C 7659 to 95 C 7664, 1996 WL 164415, at *3–4 (N.D. Ill. Apr. 3, 1996) (staying any ruling on a jurisdictional motion until the MDL Panel ruled on the issue of transfer and stating that "the benefits of transferring [the cases] to the MDL—the body established by Congress specifically to ameliorate the duplicative litigation and the valuable waste of judicial resources—are obvious.").

The case for a stay is equally as strong here. Indeed, judicial economy strongly favors a stay in this case. Absent same, this and other federal courts will be burdened with deciding substantially similar and complicated motions to compel, involving, among other things, analyses as to the number and types of custodians whose files are to be searched, the search terms to be used in searching their electronic files, and the non-custodial sources from which productions should be made. The courts would be forced to engage in this process now, risking multiple inconsistent rulings. This duplicative work would be obviated if the JPML grants the motion to transfer. Further, Novartis will not be prejudiced by the short delay requested, particularly because the motion to transfer is fully briefed and will likely be decided in the next 60 days.

Moreover, the need for a stay is particularly strong given the recent New Jersey MCL designation and the opportunities created for an efficient coordination of the global Tasigna litigation. In mass tort litigation such as this, federal courts are strongly encouraged to explore coordination with state courts to, among other things, maximize judicial economy and avoid, where possible, inconsistent rulings. *See Dunlavey v. Takeda Pharms. Am., Inc.*, 2012 WL

3715456, at *2 (W.D. La. 2012); (citing *Manual for Complex Litigation* (Fourth) (the "*Manual*") §§ 20.311 and 20.313 (2004)).  With creation of the New Jersey MCL, the motion to transfer under section 1407 presents a unique opportunity to efficiently handle an extensive body of cases, avoiding many hardships and costs to the courts, counsel, and the litigants that would occur absent coordination.  The promise of this global coordination will be significantly undermined if this and other federal courts entertain global discovery disputes before the motion to transfer is decided.  Judicial economy thus favors a short stay of the proceedings pending the imminent ruling on the transfer motion.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court issue an order staying all proceedings pending resolution of the motion to transfer.

Dated: June 22, 2021                                        Respectfully submitted

/s/ Raymond C. Silverman
Raymond C. Silverman
**Parker Waichman LLP**
6 Harbor Park Drive
Port Washington, NY 11050
Tel.: 516.466.6500
Fax: 516.466.6665
rsilverman@yourlawyer.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN LALLY,<br><br>    Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>    Defendant. | Case No. 1:20-CV-02359-LAP-SLC |

## DECLARATION OF RAYMOND C. SILVERMAN IN SUPPORT OF PLAINTIFF'S MOTION TO STAY

I, Raymond C. Silverman, hereby declare as follows:

1. I am over 18 and counsel of record for the above-captioned Plaintiff.

2. In addition to the Plaintiff in this matter, my firm currently represents ten (10) plaintiffs with cases pending in other federal district courts and twenty-eight (28) plaintiffs with cases pending in New Jersey state court, all of whom are asserting similar products liability claims related to Tasigna.

3. There are currently 19 cases pending in 12 different federal districts and over 160 cases pending in New Jersey state court. The cases pending in New Jersey have been consolidated into a Multicounty Litigation ("MCL") in Bergen County. *See* ¶ 5, *infra*. In all of these cases, the plaintiffs allege that Tasigna caused accelerated and severe atherosclerosis (narrowing of the arteries) that has caused them severe vascular injuries, including peripheral vascular disease, coronary artery disease, and cerebral vascular disease.

4. On April 14, 2021, a motion to transfer was filed under 28 U.S.C. § 1407 with the Judicial Panel on Multidistrict Litigation ("JPML"), seeking to transfer all 19 federal cases,

1

including this case, to the Southern District of Illinois for the purposes of pretrial coordination and consolidation. A copy of that motion and supporting brief is attached hereto as Exhibit A.  On May 6, 2021, Plaintiff filed an interested party response in support of the motion to transfer actions for coordinated pretrial proceedings. A copy of that response and supporting brief is attached hereto as Exhibit B. Briefing on this motion is complete and a hearing date has been set for July 29, 2021. Based on prior precedent, Plaintiff anticipates a ruling from the JPML will issue in early August, less than 60 days from today.

5. On January 19, 2021, an application was filed by my firm with the New Jersey Supreme Court for transfer and consolidation of all Tasigna cases pending in New Jersey state courts.  On May 28, 2021, the New Jersey Supreme Court published its order transferring and consolidating all the cases pending in New Jersey to Bergen County before Superior Court Judge Rachelle Harz.  A copy of the notice and order is attached hereto as Exhibit C.  The initial case management conference is set for July 8, 2021.

6. A global issue that requires immediate attention across all pending Tasigna cases is Novartis's outstanding production of its corporate documents.  Counsel for all Tasigna plaintiffs and Novartis have been negotiating Novartis's production for over one year and—despite their best efforts—have been unable to reach agreement on a number of issues, including the identity and number of custodians whose files will be searched, the search terms to be employed for electronic files, and the non-custodial sources from which production should be made.  Novartis has also made clear its intention to move forward with case-specific discovery in cases filed before federal courts and, in fact, has already served deposition notices for Plaintiffs in multiple cases.

7. Due to the global discovery issues and Novartis's clear intention to continue moving forward with case-specific discovery, my firm intends to file motions to stay in our other

10 federal cases as well.  I have discussed the issue with counsel for the other clients who have Tasigna cases pending in federal courts and have been informed they too have filed—or intend on filing—similar motions.  If these motions to stay are not granted, Plaintiffs will be forced to file motions to compel before each federal court in which a motion to stay was denied.  Counsel for the other federal Tasigna plaintiffs will have to do the same, which will likely lead to inconsistent rulings by multiple courts on nearly identical motions.

    I swear under penalty of perjury that the foregoing is true and correct.

    Executed on June 22, 2021 in Port Washington, New York.

                           /s/ Raymond C. Silverman
                           Raymond C. Silverman

## **CERTIFICATE OF SERVICE**

I certify that on June 22, 2021 a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

/s/ Raymond C. Silverman
Raymond C. Silverman
