# EXHIBIT B

BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE: TASIGNA PRODUCTS
LIABILITY LITIGATION

MDL DOCKET NO. 3006

**INTERESTED PARTY RESPONSE OF PLAINTIFFS SHEILA COLELLA, ROBIN DAVIS, CHARLOTTE DEAN, JEFFREY GIANCASPRO, TERESA GUSTIN AND PAMELA GUSTIN, RONALD HURD, DOUGLAS ISAACSON, STEPHEN LALLY, ROBERT MERCED, CURTIS PEDERSON, AND RANDY POITRA IN SUPPORT OF MOTION TO TRANSFER ACTIONS TO THE SOUTHERN DISTRICT OF ILLINOIS FOR COORDINATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. §1407**

*Oral Argument Requested*

I. **INTRODUCTION**

Pursuant to 28 U.S.C. §1407 and Rule 6.2 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Plaintiffs, Sheila Colella, Robin Davis, Charlotte Dean, Jeffrey Giancaspro, Teresa Gustin and Pamela Gustin, Ronald Hurd, Douglas Isaacson, Stephen Lally, Robert Merced, Curtis Pederson, and Randy Poitra[1] (hereinafter, "Plaintiffs"), by and through their undersigned counsel, submit this Interested Party Response in further support of the Motion for Transfer of Actions for Coordinated Pretrial Proceedings (hereinafter "Motion").

Consolidation is appropriate where, as here, common questions of fact and law abound, transfer will further the convenience of the parties and witnesses, promote the just and efficient conduct of these actions and serve the goals of judicial economy, thereby advancing the overall interests of the Court. Additionally, and most importantly here, a lack of consolidation in the

---

[1] *See* Schedule of Actions attached hereto as Exhibit "A."

1

federally filed Tasigna cases has proven to be unsustainable and the circumstances require the formation of a Multi-District Litigation ("MDL"). *See* III.A., *infra*.

Plaintiffs agree with the Initial Movant and submit that, if the Motion is granted, the United States District Court for the Southern District of Illinois is best suited to act as the transferee court to oversee and resolve pretrial matters in this litigation. Should this Panel grant the Motion, but determine that the Southern District of Illinois should not be the venue to preside over these matters, Plaintiffs alternatively propose the United States District Court for the District of New Jersey as an appropriate and just forum for transfer and consolidation.

## II.     BACKGROUND

The Actions listed above all involve claims for personal injuries and damages resulting from Defendant Novartis Pharmaceuticals Corporation's ("NPC") failure to warn of significant risks associated with Tasigna—a NPC-manufactured prescription medication for treatment of chronic myeloid leukemia. Specifically, NPC failed to timely and adequately warn that Tasigna can cause severe, rapidly evolving, irreversible vascular disease often involving more than one site. NPC failed to warn that the nature of vascular disease caused by Tasigna could be so severe it could require repeat revascularization procedures, that often fail, and ultimately result in serious complications such as limb necrosis and amputations. Despite warning doctors and patients in Canada of the risks of atherosclerotic-related conditions, NPC concealed, and continues to conceal, its knowledge of Tasigna's unreasonably dangerous risks from Plaintiffs, other consumers, and the medical community in the United States.

While NPC updated the label for Tasigna in January 2014, to include a warning entitled "Cardiac and Vascular events," this warning was—and remains—wholly inadequate. Indeed, unlike the Canadian product labeling, the label in the United States, to this day, does not contain warnings regarding any of the risks described above. Further, in contrast to the Canadian warning,

2

this warning was not added as a "black box warning"—the most prominent warning placed on a label—in order to properly and adequately advise physicians of significant risks.

To date, Parker Waichman LLP has filed suit against NPC on behalf of Plaintiffs in the United States District Courts for the District of Connecticut (*Colella*), Middle District of North Carolina (*Davis*), District of New Jersey (*Dean* and *Gustin*), Middle District of Florida (*Giancaspro* and *Merced*), District of New Mexico (*Hurd*), District of North Dakota (*Isaacson* and *Poitra*), Southern District of New York (*Lally*), and the Western District of Washington (*Pederson*). Further, Parker Waichman LLP currently represents dozens of additional individuals across the country who allege similar injuries as a result of their use of Tasigna, including twenty (20) individuals whose cases are currently filed in New Jersey State Court. The New Jersey State Court cases are in the process of being consolidated.[2] Parker Waichman LLP anticipates filing additional cases in United States District Courts in the future.

Accordingly, Plaintiffs support consolidation of these cases into an MDL and have no doubt that the Southern District of Illinois is the most appropriate venue for such a proceeding.

### III.   ARGUMENT

Section 1407(a) of Title 28 of the United States Code authorizes the transfer of civil actions pending in different federal district courts to a single federal district court for coordinated or consolidated pretrial proceedings, so long as this Panel determines that the cases involve common questions of fact, that the transfer will serve the convenience of the parties and witnesses, and that consolidation will promote the just and efficient conduct of the litigation.

---

[2] On January 19, 2021, Plaintiffs applied to the New Jersey Supreme Court to consolidate the cases as a Multi-County Litigation ("MCL") under N.J. Ct. R. 4:38A. In the alternative, NPC moved to have the cases consolidated in Morris County, New Jersey, where the majority of the cases are pending. NPC's motion for consolidation was recently denied without prejudice, pending a decision on Plaintiffs' MCL petition.

3

In light of the numerous common questions of fact and law involved in these cases, it is respectfully submitted that consolidation is appropriate and will benefit the parties and the court. In addition to significant financial savings, transfer and consolidation will promote the convenience of the parties and efficiency during pretrial proceedings. Duplicative discovery will be eliminated and there will be no risk of inconsistent judicial rulings. *See In re Actos Products Liability Litigation*, 840 F.Supp.2d 1356 (J.P.M.L. 2011). Most importantly, as detailed below, the parties' attempts over the past year at informal coordination have failed and the circumstances require the creation of an MDL to ensure the just, efficient, and inexpensive prosecution of these actions.

**A. The Parties' Attempts at Informal Coordination Have Failed.**

Parker Waichman LLP agrees in toto with the Initial Movant's description of the parties failed attempts to coordinate discovery informally. Indeed, now more than a year after the first case subject to transfer was filed, NPC has yet to make a substantial production of its corporate documents[3] and no fact depositions have gone forward, save for only two foundational 30(b)(6) depositions.[4] Due to this delay, Parker Waichman LLP, in conjunction with NPC, has been forced to extend deadlines in cases pending in the District of Connecticut and the Middle District of Florida, and will have to seek similar extensions moving forward.

---

[3] Absent a recent flurry of small, unilateral productions, ostensibly made to support NPC's opposition to the Motion, nearly all of the documents produced by NPC to date come from a re-production of a prior document production that it made in a now-concluded death case, *Lauris v. Novartis Pharmaceuticals Corp.*, 1:16-cv-00393 (E.D. Cal.). This production, however, was made with constraints in custodians, search terms, and, more importantly, time frames. Because the decedent's passing occurred in November 2013, the court limited the timeframe of discovery to April 2014. This timeframe is not adequate for a vast majority of the newer actions, because the dates of use and injury extend well beyond April 2014. Therefore, Plaintiffs cannot properly litigate key issues in this case without a substantial production that incorporates the proper scope.

[4] As of the date of this filing, depositions are scheduled for only three Plaintiffs represented by Parker Waichman LLP.

In large measure, the reason for delay has been the parties' inability to progress with discovery absent formal coordination. Despite the parties' initial efforts and optimism due to the moderate number of attorneys and firms involved, accomplishing even the most basic discovery has proven exhausting. The most salient example of this comes in the form of the two 30(b)(6) depositions taken of NPC's corporate witnesses. Each deposition was initially noticed in early October 2020. After significant obstinance and delay, including forcing Plaintiffs to brief whether they were even entitled to such foundational depositions, NPC eventually conceded that the depositions should go forward and provided dates in March of 2021, over five (5) months *after* the depositions were initially noticed.[5] Plaintiffs expect discovery disputes and inefficiencies like this to continue if the parties do not have the ability to turn to a single court, who can dedicate the time and resources to focus on moving this litigation forward efficiently, for resolution.

There is a reason mass tort pharmaceutical litigation, such as this, so often operates under some type of formal coordination, whether it be through a state court mechanism—such as the MCL process in New Jersey—or an MDL established by this Panel. In fact, the parties are in agreement that the over one-hundred (100) cases currently filed in New Jersey State Courts *will* be formally coordinated in some fashion, and expect a decision on Plaintiffs' MCL petition soon. As such, creation of an MDL would allow the federal and state litigations to move on parallel tracks with virtually identical schedules. This is especially true where, as here, the litigation remains in the nascent stages of discovery due to the lack of formal coordination up to this point. Indeed, this not a situation where the litigation has progressed to such a point that the formation

---

[5] One of the 30(b)(6) notices sought a witness to testify regarding NPC's corporate structure, including the roles and responsibilities of the individuals at NPC with primary responsibilities for Tasigna. NPC's delay in producing a witness in response to this notice completely stalled negotiations regarding relevant custodians to be used for document productions. These negotiations have only recently commenced since the deposition is now complete.

5

of an MDL at this stage would only serve to delay these cases without any corresponding benefit. That NPC would agree that cases filed in state courts where NPC is physically located would benefit from formal coordination, but simultaneously argue that cases filed in federal courts across the country bearing common questions of law and fact are better situated to be litigated individually—as Plaintiffs expect will be its argument—is perplexing.

The best, and perhaps only, way to address the inefficiencies inherent to uncoordinated mass tort litigations is to consolidate these cases in front of a single court, allowing for the entry of a global discovery schedule and establishing a single venue for dispute resolution. Absent such consolidation, these individual cases will continue to operate on different schedules, be subject to different pretrial rulings, and generally waste judicial resources—the exact inefficiencies the MDL process is designed to avoid. This is particularly concerning where, as here, federal courts are still dealing with the effects of the Covid-19 pandemic.

### B. Transfer and Consolidation for Coordinated Pretrial Proceedings Will Further the Goals of 28 U.S.C. §1407.

Common questions of fact exist, and may be presumed, where two or more complaints assert comparable allegations against similar defendants based on similar transactions and events. *See In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales, Practices, and Products Liab. Litig.*, 704 F. Supp. 2d 1379, 1381 (J.P.M.L. 2010). Here, the complaints filed in the Plaintiffs' actions assert common questions of fact by virtue of Plaintiffs' allegations of NPC's wrongful conduct in failing to timely and adequately warn that Tasigna can cause severe, rapidly evolving, irreversible vascular disease often involving more than one site, which resulted in injury to each of the Plaintiffs.

Further, where consolidation will necessarily avoid the risk of duplicative, redundant and costly discovery proceedings, it is favored. *See In re Zostavax (Zoster Vaccine Live) Prods. Liab.*

6

*Litig.,* 330 F.Supp.3d 1378, 1379 (J.P.M.L. 2016). In the instant matter, discovery from NPC will necessarily involve overlapping testimony, documentary evidence, and experts. Accordingly, consolidation will serve the convenience of both the parties and witnesses and is, thus, proper.

### C. The Southern District of Illinois Is the Most Appropriate Transferee Forum for This Litigation.

The Initial Movant has already set forth argument asserting the Southern District of Illinois, as the most appropriate venue for these actions. Plaintiffs here agree and need not repeat those arguments. Transfer to the Southern District of Illinois, a court well-known for its ability to manage pharmaceutical MDLs, centrally located, and convenient for travel, makes perfect sense under these circumstances. To Plaintiffs' knowledge, there are no MDLs currently pending in this very capable venue.

### D. In the Alternative, Plaintiffs Ask the Court to Transfer These Cases to the United States District Court for the District of New Jersey.

In the alternative, should the Panel decide not to transfer these cases to the Southern District of Illinois, Plaintiffs suggest that the Panel view favorably a transfer of these cases to the District of New Jersey. As stated in Section III.A., *supra*, there will soon be some type of formal consolidation of the cases filed in New Jersey state courts. Given that NPC is located in New Jersey and therefore many of the corporate witnesses will likely reside in New Jersey, the District of New Jersey represents a logical alternative venue that would allow for the just and efficient litigation of these matters. Finally, the fact that there will be a parallel state court consolidation in New Jersey, an MDL in this district would allow for the respective judges to coordinate their efforts in resolving these cases more efficiently, including, for example, holding joint hearings on matters at issue in

both venues (*e.g.*, the admissibility of expert witness opinions under *Daubert* and *Kemp*, respectively).

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Honorable Panel enter an Order pursuant to 28 U.S.C. §1407 to consolidate and transfer all pending actions, as well as any tag-along actions, to the Southern District of Illinois. Alternatively, Plaintiffs propose the District of New Jersey as an appropriate and just forum.

Dated: May 6, 2021                                                     Respectfully submitted,

**PARKER WAICHMAN LLP**

*/s/ Raymond C. Silverman*
Raymond C. Silverman
Melanie H. Muhlstock
Christopher Oxx
Harrison Biggs
6 Harbor Park Drive
Port Washington, New York 11050
Tel.: 516.466.6500 | Fax: 516.466.6665
rsilverman@yourlawyer.com
mmuhlstock@yourlawyer.com
oxx@yourlawyer.com
hbiggs@yourlawyer.com

*Counsel for Plaintiffs*

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: TASIGNA (Nilotinib) PRODUCTS | MDL No. 3006
LIABILITY LITIGATION

## SCHEDULE OF ACTIONS

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiff:**<br>Sheila Colella<br><br>**Defendant:**<br>Novartis Pharmaceuticals Corporation | D. Conn | 3:20-cv-00367 | Hon. Jeffrey Meyer |
| **Plaintiff:**<br>Robin Davis<br><br>**Defendant:**<br>Novartis Pharmaceuticals Corporation | M.D.N.C. | 1:20-cv-01127 | Hon. Catherine Eagles |
| **Plaintiff:**<br>Charlotte Dean<br><br>**Defendant:**<br>Novartis Pharmaceuticals Corporation | D.N.J. | 2:20-cv-02755 | Hon. John Vazquez |
| **Plaintiff:**<br>Jeffrey Giancaspro<br><br>**Defendant:**<br>Novartis Pharmaceuticals Corporation | M.D. Fla. | 3:20-cv-00346 | Hon. Brian Davis |
| **Plaintiffs:**<br>Teresa Gustin<br>Pamela Gustin<br>Gustin Family Trust<br><br>**Defendant:**<br>Novartis Pharmaceuticals Corporation | D.N.J. | 2:20-cv-02753 | Hon. John Vazquez |
| **Plaintiff:**<br>Ronald Hurd<br><br>**Defendant:**<br>Novartis Pharmaceuticals Corporation | D.N.M. | 2:20-cv-00262 | Hon. James Parker |
| **Plaintiff:**<br>Douglas Isaacson<br><br>**Defendant:**<br>Novartis Pharmaceuticals Corporation | D.N.D. | 3:21-cv-00057 | Hon. Alice Senechal |
| **Plaintiff:**<br>Stephen Lally<br><br>**Defendant:**<br>Novartis Pharmaceuticals Corporation | S.D.N.Y. | 1:20-cv-02359 | Hon. Loretta Preska |

| **Plaintiffs:**<br>Robert Merced<br>Estate of Elvia Rivera<br><br>**Defendant:**<br>Novartis Pharmaceuticals Corporation | M.D. Fla. | 8:20-cv-00587 | Hon. William Jung |
|---|---|---|---|
| **Plaintiff:**<br>Curtis Pederson<br><br>**Defendant:**<br>Novartis Pharmaceuticals Corporation | W.D. Wash. | 3:20-cv-05216 | Hon. Robert Bryan |
| **Plaintiff:**<br>Randy Poitra<br><br>**Defendant:**<br>Novartis Pharmaceuticals Corporation | D.N.D. | 3:20-cv-00123 | Hon. Peter Welte |

# BEFORE THE UNITED STATES JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: TASIGNA (Nilotinib) PRODUCTS LIABILITY LITIGATION | MDL No. 3006 |

## PROOF OF SERVICE

In compliance with Rule 4.1(a) of the Rules and Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that a copy of the Response of Plaintiffs Sheila Colella, Robin Davis, Charlotte Dean, Jeffrey Giancaspro, Teresa Gustin and Pamela Gustin, Ronald Hurd, Douglas Isaacson, Stephen Lally, Robert Merced, Curtis Pederson, and Randy Poitra in Support of Motion to Transfer Actions to the Southern District of Illinois for Coordinated Pretrial Proceedings Pursuant to 28 U.S.C. §1407, with its accompanying Schedule of Actions and Proof of Service were electronically filed with the Judicial Panel on Multidistrict Litigation on May 6, 2021 by using the CM/ECF system.  Notice of this filing will be served on all parties of record who have appeared in the actions subject to this response by operation of the CM/ECF system and the parties may access the filing through the CM/ECF system.  The aforementioned documents were also served through the U.S. Postal system to parties not represented by counsel. A breakdown of service is as follows:

### Defendants

1. Novartis Pharmaceuticals Corporation
   1 Health Plaza
   East Hanover, New Jersey 07936

| | |
|---|---|
| *Douglas Isaacson v. Novartis Pharmaceuticals Corporation* | 3:21-cv-00057 D.N.D. |

Dated:  May 6, 2021

                                              Respectfully submitted,

                                              /s/ Melanie H. Muhlstock
                                              Melanie H. Muhlstock

                                  Christopher Oxx
                                  Raymond C. Silverman
                                  Harrison M. Biggs
                                  **PARKER WAICHMAN LLP**
                                  6 Harbor Park Drive
                                  Port Washington, New York 11050
                                  Tel.: 516.466.6500 | Fax: 516.466.6665
                                  Email: mmuhlstock@yourlawyer.com
                                                oxx@yourlawyer.com
                                                rsilverman@yourlawyer.com
                                                hbiggs@yourlawyer.com

*Counsel for Plaintiffs*